# In the
# United States Bankruptcy Court
### For the Northern District of Illinois

| | |
|---|---|
| IN RE:<br><br>ELIZABETH S. NIX,<br><br>DEBTOR. | EASTERN DIVISION<br>HON. DEBORAH L. THORNE<br><br>CASE NO. 19-BK-21024<br>CHAPTER 13<br><br>HEARING DATE: SEPTEMBER 11, 2019<br>HEARING TIME: 10:30 A.M. |

## OBJECTION TO PLAN CONFIRMATION

The City of Chicago ("City") objects to confirmation of the Debtor's proposed chapter 13 plan. The plan as proposed does not comply with the requirements of the Bankruptcy Code, 11 U.S.C. § 101 *et seq.* ("Code"), and thus cannot be confirmed.

### TREATMENT OF THE CITY'S CLAIM

The City has a secured claim in the amount of $9,937.42, for utility service to a property owned by Debtor Elizabeth S. Nix. See Claims Register 4-1. The Debtor has filed a chapter 13 plan [Docket 7] ("Plan") which provides, with respect to the

City's claim, "The claim of the City of Chicago for water utility service, secured by 11822 S. Sangamon, Chicago, IL 60643 PIN 25-20-420-024-0000, shall not be paid by the Trustee. The claim is being treated in related bankruptcy case 19-12770 Marlos A. Curtis[.]" See Plan, § 8.1.

## REQUIREMENTS FOR CONFIRMATION

Section 1325(a)(5) of the Code, 11 U.S.C. § 1325(a)(5), provides three ways for a debtor to deal with secured claims in a plan. Paragraph 1325(a)(5)(A) allows for confirmation if the creditor accepts the plan, but the City does not accept the Debtors' proposed treatment of its claim. The Debtor is not proposing to surrender the collateral securing the City's claims (a house), which would satisfy paragraph 1325(a)(5)(C). So, to confirm a plan, the Debtor must provide the City with the treatment mandated by paragraph 1325(a)(5)(B), which, as it relates to this case, requires that, with respect to each allowed secured claim provided for by the plan,

    (i)    the plan provides that—

        (I)    the holder of such claim retain the lien securing such claim until the earlier of—

            (aa)    the payment of the underlying debt determined under nonbankruptcy law; or

            (bb)    discharge under section 1328; and

        (II)    if the case under this chapter is dismissed or converted without completion of the plan, such lien shall also be retained by such holder to the extent recognized by applicable nonbankruptcy law;

    (ii)    the value, as of the effective date of the plan, of property to be distributed under the plan on account of such claim is not less than the allowed amount of such claim; and

2

      (iii)    if—

           (I)    property to be distributed pursuant to this subsection is in the form of periodic payments, such payments shall be in equal monthly amounts[.]

## OBJECTION: INSUFFICIENT PAYMENTS

At issue here is a debt owed jointly by two debtors in two separate Chapter 13 cases. The City acknowledges that it is only entitled to one recovery on its claim; however, such a debt remains a claim against both debtors, and each debtor must comply with the requirements of Section 1325 with respect to that claim. The Debtor's Plan here would, in effect, release her from any liability for the City's claim for no payment, on the theory that the City will recover from her joint debtor.

This violates § 1325(a)(5)(B)(ii), and the danger of such an arrangement to the creditor is illustrated in this case by the fact that there is already a motion to dismiss pending in her joint debtor's case. See case no. 19-12770, Docket 26. His case may well be dismissed or converted, leaving the City with no or minimal recovery and no recourse against this Debtor.

The Debtor cannot simply refuse to pay the City's secured claim just because it may also have recourse against a joint debtor. To be confirmed, the Debtor's plan must provide for payment in full of the City's secured claim in equal monthly installments.

## CONCLUSION

For the foregoing reasons, the Plan does not comply with Section 1325(a)(5)(B)(ii), and therefore confirmation should be denied.

DATED: AUGUST 16, 2019             RESPECTFULLY SUBMITTED,

**THE CITY OF CHICAGO**

Mark Flessner
Acting Corporation Counsel

By: /s/ Charles A. King
    Assistant Corporation Counsel

David P. Holtkamp (6298815)
Senior Assistant Corporation Counsel
Charles A. King (6216362)
Assistant Corporation Counsel
**CITY OF CHICAGO, DEPARTMENT OF LAW**
Chicago City Hall
121 N LaSalle St., Ste. 400
Chicago, IL 60602
Tel:    (312) 742-0019
Email: David.Holtkamp2@cityofchicago.org
       Chuck.King@cityofchicago.org

## CERTIFICATE OF SERVICE

      I, Charles A. King, an attorney, hereby certify that on August 16, 2019, I caused a copy of the attached City of Chicago's Objection to Plan Confirmation to be served via the court's electronic noticing system for Registrants on those designated to receive such service as provided on the attached Service List.

      /s/ Charles A. King

## SERVICE LIST

**Registrants**
(Via CM/ECF)

| | |
|---|---|
| Mehul D. Desai | mdesai@swansondesai.com |
| Kenneth C. Swanson | kc@chicagobankruptcyattorney.com |
| Marilyn O. Marshall | courtdocs@chi13.com |
| Patrick S. Layng | USTPRegion11.ES.ECF@usdoj.gov |